# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRIAN FARRELL )
*Plaintiff,* )
)
) Case No 6:14-CV-334-ORL-36-DAB
vs )
)
)
NORTHSTAR LOCATION SERVICES, LLC ) Judge _____
*Defendant,* )
) Trial by Jury Demanded

## COMPLAINT

Plaintiff, Brian Farrell, individually, sues Defendant NORTHSTAR LOCATION SERVICES LLC, an unknown entity, and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et. seq.*

## JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1681p, 28 U.S.C §1331.

3. All conditions precedent to the bringing of this action have been performed and/or waived.

## PARTIES

4. Plaintiff in this lawsuit is Brian Farrell, a natural person, who resides in Seminole County, Florida.

5. Defendant in this lawsuit is NORTHSTAR LOCATION SERVICES, LLC (NLS), a third party debt collector with offices at 4285 Genesee St, Cheektowaga NY, 14425.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391b.

7. The occurrences which give rise to this action occurred in Seminole County, Florida and Plaintiff resides in Seminole County, Florida.

8. Venue is proper in the Middle District of Florida, Orlando Division.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports. Plaintiff found after examination of his TransUnion consumer credit report that Defendant NLS had obtained Plaintiff's TransUnion consumer report on March 3, 2011. *See* Exhibit "A"

10. Discovery of FCRA violations brought forth herein occurred within the last two years and the impermissible pulls occurred within the last five years and are within the statute of limitations as defined in the FCRA 15 U.S.C. § 1681p..

11. Plaintiff sent Defendant a letter on January 9, 2014, titled "Notice of Intent to Litigate", in an effort to mitigate the damages and reach a settlement for their violation of the FCRA prior to filing this instant action. *See* Exhibit "B"

13. Plaintiff had several e-mail communications with NLS' compliance department in which NLS claimed they had a permissible purpose because Chase referred an account to them for collection.

14. Plaintiff does not recall having such an account with Chase and when Plaintiff asked Defendant for proof of this referral of this account, Defendant did not provide any such proof.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, BY DEFENDANT NORTHSTAR LOCATION SERVICES, LLC

15. Paragraphs 1 through 14 are re-alleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

17. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

18. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

19. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

20. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

20. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant NLS.

21. On March 3, 2011 Defendant obtained the TransUnion consumer credit report of Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said action damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums, higher rates, and larger fees.

22. At no time did Plaintiff give his consent for NLS to obtain his consumer credit report from TransUnion or any other credit reporting agency.

23. The action of NLS obtaining the consumer credit report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

24. Defendant has not provided any proof of any such account which may have possibly given them a permissible purpose. There was no permissible purpose for NLS to acquire Plaintiffs credit report.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for statutory damages of $1000.00, any attorney's fees, if applicable, and cost pursuant to 15 U.S.C. § 1681n.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable by law.

February 28, 2014

Respectfully Submitted,

*Brian Farrell* (signature)

Brian Farrell
106 Clear Lake Circle
Sanford FL 32773
321-662-7627
brian_farrell7@yahoo.com

Service to:
Northstar Location Services, LLC.
4285 Genesee St.
Cheektowaga, NY 14425